[Crim. No. 1118.   Second Appellate District, Division Two.—November
7, 1924.]

THE PEOPLE, Respondent, v.   JOHN   J.   MULLEN,
Appellant.

[1] CRIMINAL LAW—ROBBERY—ADMISSION OF PISTOL AND CARTRIDGES—
IDENTIFICATION—KNOWLEDGE OF POSSESSION—ERRONEOUS RULING.
In a prosecution for robbery, the admission in evidence, over de-
fendant's objection, of a pistol and cartridges which were tossed,
at the time of defendant's arrest and after the robbery, by another,
who was riding in an automobile with defendant, into the tonneau
of the machine, was erroneous where such objects were not identi-
fied as having had any connection with the robbery, and where it
was not shown that defendant knew that his companion possessed
them.

[2] ID.—EVIDENCE—ERRONEOUS ADMISSION OF OBJECTS—MISCARRIAGE
OF JUSTICE.—In such prosecution, in view of the evidence, the
erroneous admission in evidence of the pistol and cartridges re-
sulted in a miscarriage of justice.

(1) 17 *C. J.*, p. 369, sec. 3751.   (2) 17 *C. J.*, p. 369, sec. 3751.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Carlos S. Hardy, Judge.   Reversed.

The facts are stated in the opinion of the court.

Wm. T. Aggeler, Public Defender, and McIntyre Faries,
Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney,
Deputy Attorney-General, for Respondent.

WORKS, J.—Defendant was convicted upon a charge of
robbery.   He appeals from the judgment of conviction and
from an order of the trial court denying his motion for a
new trial.

The evidence shows without dispute that the prosecuting
witness, one Scobie, was walking along the sidewalk of a

1.   See 8 Cal. Jur. 144.

well-lighted street in the evening, when a man stepped from his concealment behind a palm near the sidewalk and asked Scobie for a match. He replied that he had none. Thereupon the lately concealed man leveled a "gun" at Scobie and commanded him to "stick them up." The latter raised his hands above his head, but at the same time hurried toward an automobile which was standing by the curb twenty-five or thirty feet from where the hold-up occurred and in the direction toward which Scobie had been walking. The car was a Ford touring car. The motor of the vehicle was not running, but one of its doors was open, and a man, later identified by Scobie as the appellant, was seated at the steering-wheel. As Scobie approached the Ford the highwayman kept along with him and pressed the muzzle of the "gun" against him from behind. When Scobie came close to the car he said to appellant, "This is a hold-up; would you help me?" Appellant did not stir from his seat at the wheel, but answered, "Just keep up your hands; he won't hurt you." The robber then "went through" Scobie and allowed him to depart. Scobie's assailant, being behind him a part of the time, was never identified by him and was never apprehended, so far as is known. After the victim of the robbery had gotten up the street some distance he turned about and saw the back of the Ford as the car was moving away from him along the street at an ordinary rate of speed. Who or how many were its occupants he could not tell. The robber was not in sight. Scobie reported his misadventure to the police. Later in the evening appellant was seen by police officers driving along another street in a Ford similar to the one above mentioned. At the time a man who later gave the names of Jolson and Logue was seated by his side. The officers halted the car and Logue was seen to toss some object into the tonneau of the vehicle. Appellant and Logue were then arrested and a "gun" was found in the tonneau. Appellant was charged with the robbery of Scobie.

[1] Logue's pistol and cartridges which had been taken from it were produced at the trial. Over the objection of appellant, without being identified as having had any connection with the hold-up of Scobie, and without it being shown that appellant knew that Logue possessed them, they were received in evidence and were exhibited to the jury.

It is contended that in admitting these objects as real evidence the trial court committed error. No response is made to this contention by counsel for respondent, but we are convinced that the action of the court was erroneous. In a case in which a defendant was on trial for the murder of his wife by means of cyanide poisoning, a can of cyanide was introduced in evidence upon a showing only that it was owned by the defendant's employer and was kept in a room which defendant frequently entered. Upon these facts we determined that the trial court erred in admitting the evidence (*People* v. *Smith,* 55 Cal. App. 324 [203 Pac. 816]). We can perceive no difference in principle between that case and the present one. There was here not the slightest evidence that appellant knew, at any time before the officers took the pistol from the tonneau, perhaps not even before the trial, that Logue had been in possession of the weapon, nor do we say that it and the cartridges would have been proper evidence if he had known that Logue possessed it. We said in *People* v. *Smith,* "That defendant, at any time, had knowledge of the existence of the can is a matter of pure conjecture." The sentence exactly fits the situation here as to the "gun" and the cartridges. Upon the point see, also, *People* v. *Hill,* 123 Cal. 571 [56 Pac. 443]. The evidence should not have been received.

It is contended that the evidence was insufficient to support the verdict. Section 31 of the Penal Code provides: "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed." If there was evidence to show appellant's guilt, his conviction must have resulted from the language of this section. He did not directly commit the criminal act, and therefore the question is whether he aided and abetted in its commission. This point we do not decide and we mention it only for the purpose of making application of the rule of section 4½ of article VI of the constitution, in view of the error of the trial court in admitting in evidence the pistol and cartridges which came from the possession of Logue. Following the terms of the section we have made an examination of the entire cause, including the evidence, and are satisfied that if it cannot be said, as we

do not find it necessary to say, that the evidence is totally insufficient, it must be said that it is lamentably weak and unsatisfactory. [2] Certainly, under such evidence, we are bound to feel that the error of the court must have resulted in a miscarriage of justice. As bearing upon the character and effect of the error, we again turn to the opinion in *People* v. *Smith,* in which we said: "That the introduction of the can of cyanide as an exhibit for the prosecution was highly prejudicial cannot be gainsaid for a moment; but that it in any appreciable degree tended to show that the defendant used any of its poisonous contents to do away with his wife must be denied." Here the jury may well have believed from the admission of the improper evidence that the "gun" was used in the hold-up of Scobie and that Logue was the bandit who used it. The evidence being undisputed that Logue and appellant were seen driving together immediately before the latter's arrest, it is just to assume that the jury believed that the connection was made which was decidedly tenuous, if not sadly lacking, in the evidence which was properly admitted at the trial. It is quite likely that appellant was convicted because of the error in admitting the weapon and cartridges.

Other points are made, but we find it unnecessary to consider them, especially as they are not argued by respondent.

Judgment and order reversed.

Finlayson, P. J., and Craig, J., concurred.